UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY HUGHES, | ) |
|   Plaintiff, | ) |
| vs. | ) 3:12-cv-00513-RCJ-VPC |
| BANK OF AMERICA CORP. et al., | ) **ORDER** |
|   Defendants. | ) |

This is a residential foreclosure avoidance case involving one property. Plaintiff Gregory Hughes sued Defendants Bank of America Corp., Bank of America, N.A., BAC Home Loan Servicing, LP, ReconTrust Co., N.A., Federal National Mortgage Association ("Fannie Mae"), the Washoe County Recorder's Office, and Kathy Burke *in pro se* in state court on thirteen nominal causes of action[1]: (1) Real Estate Settlement Procedures Act ("RESPA") violations; (2) Breach of Contract (failure to comply with HUD regulations before foreclosure, as required by the deed of trust); (3) "Unreasonable Collection Efforts"; (4) Intentional Misrepresentation (accepting payments but not applying them to Plaintiff's account); (5) Fair Debt Collection Practices Act ("FDCPA") violations; (6) violations of the "FTC Safeguards Rule," 67 Fed. Reg. 36484; (7) Racketeer and Corrupt Organizations Act ("RICO") violations; (8) Abuse of Process;

---

[1] The causes of action are listed as 1–7 and 9–14. (*See generally*, Compl., July 30, 2012, ECF No. 1-1, at 5).

1  (9) Intentional Misrepresentation (falsely claiming ownership of the promissory note); (10) "Bad
2  Faith Bargaining"; (11) False Pretenses; (12) "Filing a False Certificate (Robosigning)"; and (13)
3  Intentional Infliction of Emotional Distress ("IIED").  Defendants removed.  Six motions are
4  pending before the Court.

5      First, Plaintiff has filed two Motions to Stay (ECF Nos. 6, 16), asking the Court to stay
6  the present matter until the state court can rule on pending motions.  The Court denies the
7  motions.  The state court has been divested of jurisdiction over this matter unless and until the
8  Court remands. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of
9  a civil action the defendant or defendants shall give written notice thereof to all adverse parties
10 and shall file a copy of the notice with the clerk of such State court, which shall effect the
11 removal *and the State court shall proceed no further unless and until the case is remanded*."
12 (emphasis added)); *accord Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238
13 (9th Cir. 1994) ("Thus, the clear language of the general removal statute provides that the state
14 court loses jurisdiction upon the filing of the petition for removal." (quoting *id.* with the same
15 emphasis)).  Not only will the Court not stay the present action pending appeal to the Nevada
16 Supreme Court, but the Court will, upon motion by Defendants, enjoin the state court
17 proceedings pursuant to the All Writs Act and Anti-Injunction Act, as such an injunction may be
18 necessary to protect this Court's jurisdiction.  There is no indication in the present case that any
19 other *in rem* or *quasi in rem* proceeding was proceeding in state court apart when the present case
20 was removed such that the Court should abstain under the prior exclusive jurisdiction doctrine.
21 If Plaintiff has evidence of such facts, he may present them for the Court's consideration, or he
22 may attack the removal on jurisdictional or procedural grounds—he has done so in a separate
23 motion—but unless and until the Court remands for jurisdictional or procedural concerns, the
24 state courts have no jurisdiction over the present matter.

25     Second, Plaintiff asks the Court to remand, but his only argument is that the state court

1  had original jurisdiction over the present matter.  The question in removal cases, however, is not
2  whether the state court had original jurisdiction, but whether the federal court also has original
3  jurisdiction.  It is clear that there is removal jurisdiction over this case, as Plaintiff has brought
4  multiple federal causes of action, *see* 28 U.S.C. §§ 1331, 1441(a), and although there appear to
5  be forum Defendants, the forum-defendant rule does not apply because the sole basis for removal
6  was not the diversity statute, *see id.* at § 1441(b)(2).

7        Third, Plaintiff asks the Court to disqualify opposing counsel.  Specifically, Plaintiff asks
8  the Court to rule that Fannie Mae[2] must retain counsel separate from the other Defendants
9  because it has filed suit against Bank of America in New York.  The conflict of interest rules,
10 however, do not require withdrawal in the present case.  An attorney in Nevada may not
11 represent one client against another client in a proceeding in which the clients are materially
12 adverse to one another or where the attorney's representation will be materially limited by duties
13 to another client, a third person, or the attorney's own interests. *See* Nev. R. Prof. Conduct 1.7(a).
14 That situation is clearly not present here, because Fannie Mae and Ban of America are not
15 adverse to one another in the present case, and Plaintiff does not allege that Federal National
16 Mortgage Association's attorneys in the present matter, Attorneys Ariel E. Stern or Christine M.
17 Parvan, represented Bank of America in Fannie Mae's New York lawsuit against Bank of
18 America such that their representation of Fannie Mae will be materially limited by any duties to
19 Bank of America.  Also, an attorney in Nevada may not represent a current client against a
20 former client if the current matter is substantially related to the matter in which the attorney
21 represented the former client or if the during the course of representation of the former client the
22 attorney obtained confidential information about the former client relevant to the present matter.
23 *See* Nev. R. Prof. Conduct 1.9(b).  But, again, Plaintiff does not allege that Federal National

---

[2]The Court assumes Plaintiff means this party, although he states "Federal National Mortgage Corporation" in the motion.

Mortgage Association's attorneys in the present matter, Attorneys Ariel E. Stern or Christine M. Parvan, represented Bank of America in Fannie Mae's New York lawsuit against Bank of America. Therefore, even assuming Plaintiff's allegations concerning the New York action are true, which Defendants deny, there is no perceivable conflict of interests in this case.

Fourth, Defendants ask the Court to strike the first Motion to Stay and the Motion for Disqualification. The Court denies the motions. Although without merit, the motions are not redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f).

Finally, the Court has ordered Plaintiff to show cause why the case should not be dismissed as precluded based upon the final judgment on the merits issued in Case No. 3:11-cv-617. Plaintiff argues only that his attorney in the previous action had no direct interest in the subject matter of the case and therefore defrauded Plaintiff such that he had no full and fair opportunity to litigate the claims. The Court rejects this argument. Not only is it appropriate for an attorney not to have an interest in the subject matter of litigation, it is an ethical violation for him to have such an interest. *See* Nevada R. Prof. Conduct 1.8(i). And an attorney's alleged poor performance is not "fraud" supporting a relief from judgment under Rule 60(b)(3). Such fraud must be "by an opposing party." *See id.*

The Court finds after taking judicial notice of its own docket that the case should not be dismissed completely, but that many claims must be dismissed as precluded as against certain Defendants. The following parties were the same in both lawsuits: Bank of America, N.A., BAC Home Loan Servicing, LP, and ReconTrust Co. The claims as against those entities are precluded, except for the first, sixth, seventh, and thirteenth claims, as identified above, the gravamen of which were not litigated in the previous action. Plaintiff has never litigated any of his claims against the remaining parties.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 9, 10, 11, 13, 14, 16) are DENIED.

IT IS FURTHER ORDERED that all claims except the first, sixth, seventh, and thirteenth are DISMISSED as precluded as against Defendants Bank of America, N.A., BAC Home Loan Servicing, LP, and ReconTrust Co.

IT IS SO ORDERED.

Dated this 9th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge