UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY HUGHES, | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 3:12-cv-00513-RCJ-VPC |
| BANK OF AMERICA CORP. et al., | ) | **ORDER** |
|         Defendants. | ) | |

This is a residential foreclosure avoidance case involving one property. Pending before the Court is a Motion to Dismiss (ECF No. 48). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Gregory Hughes gave lender Bank of America, N.A. ("BOA") a promissory note for $385,000 secured by a first deed of trust ("FDOT") against real property at 2995 Shady Creek Ct., Reno, NV 89523 (the "Property"). (*See* FDOT 1–3, Dec. 15, 2005, ECF No. 48-1). Plaintiff later gave BOA a second deed of trust ("SDOT") against the Property to secure a home equity line of credit with a credit limit of $49,375. (*See* SDOT 1–3, Aug. 24, 2007, ECF No. 48-2). PRLAP, Inc. was the trustee on both deeds of trust, and Mortgage Electronic Registration Systems, Inc. ("MERS") was party to neither of them. (*See* FDOT 2; SDOT 2). BOA substituted Recontrust Co., N.A. ("Recontrust") as trustee on the FDOT. (*See* Substitution, Jan, 27, 2010,

ECF No. 48-3). The same day, First American Title Insurance Co. ("First American"), purporting to be Recontrust's agent, filed the first notice of default ("FNOD") against the Property, but Recontrust later rescinded it. (*See* FNOD, Jan. 27, 2010, ECF No. 48-4; Rescission, Apr. 22, 2010, ECF No. 48-5). BOA then assigned the FNOD and any notes it secured to BAC Home Loans Servicing, LP ("BAC"). (*See* Assignment, Jan. 5, 2011, ECF No. 48-6). The same day, BAC, GP, purporting to be BAC's general partner, then substituted Recontrust as trustee on the FDOT. (*See* Substitution, Jan. 5, 2011, ECF No. 48-7).[1] The same day, First American, again purporting to be Recontrust's agent, then filed the second notice of default ("SNOD") against the Property. (*See* SNOD, Jan. 5, 2011, ECF No. 48-8). The State of Nevada Foreclosure Mediation Program issued its certificate permitting foreclosure to proceed, because the program did not apply to the Property. (*See* Certificate, June 20, 2011, ECF No. 48-9). Recontrust noticed a trustee's sale on the Property for August 3, 2011. (*See* Notice of Sale, July 11, 2011, ECF No. 48-10). The public records also indicate that the City of Reno filed at least three liens against the property for unpaid sewer service bills over the last three years, and that Recontrust sold the Property at a trustee's sale to the Federal national Mortgage Association ("Fannie Mae") for $371, 238.48 on February 27, 2012.

On June 9, 2011, Plaintiff, represented by Attorney Rick Lawton, sued BOA, BAC, Recontrust, PRLAP, First American, and Charlotte Olmos in state court based upon the foreclosure, and Defendants removed to this Court. (*See* Case No. 3:11-cv-617). Finding the foreclosure to have been proper, the Court granted Defendants' motion to dismiss and to expunge the lis pendens. Plaintiff did not appeal.

Plaintiff then sued Bank of America Corp. ("BOA Corp."), BOA, BAC, Recontrust,

---

[1] Because BOA had already substituted Recontrust as the trustee at a time when BOA was the beneficiary, the later "substitution" of Recontrust was superfluous, and the Court therefore need not examine whether BAC, GP in fact had the proper agency to substitute the trustee on behalf of BAC.

Fannie Mae, the Washoe County Recorder's Office (the "Recorder"), and Kathy Burke *in pro se* in state court on thirteen nominal causes of action[2]: (1) Real Estate Settlement Procedures Act ("RESPA") violations; (2) Breach of Contract (failure to comply with HUD regulations before foreclosure, as required by the deed of trust); (3) "Unreasonable Collection Efforts"; (4) Intentional Misrepresentation (accepting payments but not applying them to Plaintiff's account); (5) Fair Debt Collection Practices Act ("FDCPA") violations; (6) violations of the "FTC Safeguards Rule," 67 Fed. Reg. 36484; (7) Racketeer and Corrupt Organizations Act ("RICO") violations; (8) Abuse of Process; (9) Intentional Misrepresentation (falsely claiming ownership of the promissory note); (10) "Bad Faith Bargaining"; (11) False Pretenses; (12) "Filing a False Certificate (Robosigning)"; and (13) Intentional Infliction of Emotional Distress ("IIED"). Defendants removed. The Court denied a motion to remand and dismissed all claims except the first (RESPA), sixth (FTC Safeguards Rule), seventh (RICO), and thirteenth (IIED) as precluded as against BOA, BAC, and Recontrust. The Court also granted Defendant Kathryn Burke's motion to dismiss filed in state court when Plaintiff failed to respond thereto after having been given a *Klingele* notice. BOA Corp., BOA,[3] Recontrust, and Fannie Mae have moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

---

[2]The causes of action are listed as 1–7 and 9–14. (*See generally* Compl., July 30, 2012, ECF No. 1-1, at 5).

[3]BAC is no longer a separate entity but has been merged into BOA.

1  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for
2  failure to state a claim, dismissal is appropriate only when the complaint does not give the
3  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
4  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
5  sufficient to state a claim, the court will take all material allegations as true and construe them in
6  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
7  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
8  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
9  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
10 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
11 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79
12 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff
13 pleads factual content that allows the court to draw the reasonable inference that the defendant is
14 liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule
15 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must
16 plead the facts of his own case so that the court can determine whether the plaintiff has any
17 plausible basis for relief under the legal theory he has specified, assuming the facts are as he
18 alleges (*Twombly-Iqbal* review).

19      "Generally, a district court may not consider any material beyond the pleadings in ruling
20 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
21 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
22 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
23 whose contents are alleged in a complaint and whose authenticity no party questions, but which
24 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
25 motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

The allegations in the Complaint focus upon alleged malfeasance and dysfunction within the mortgage industry in general.  Only in a few paragraphs of the forty-eight-page Complaint does Plaintiff focus upon the facts of his own case.  In those few places, Plaintiff sometimes refers to himself with feminine or plural pronouns, indicating that he copied the allegations in the Complaint from another source.  Plaintiff may have legitimate political complaints, but a court of law is not a political forum.  Plaintiff must plead the facts of his own case under a cognizable legal theory in order to obtain legal relief.  Plaintiff also makes arguments that this Court and others have repeatedly rejected, e.g., that the securitization of a mortgage renders the security interest void, or that the fact that a lender has a purchase agreement with another institution to immediately purchase the loan upon issuance, or that a lender uses borrowed money to finance the loan, means that no consideration was given for the loan, rendering it unenforceable.  These arguments are without merit.  Plaintiff also often refers to a consent judgment entered in state court between the State of Nevada and Countrywide Financial Corp., but this Court has no jurisdiction to enforce that judgment, and Countrywide is not a party to this action, in any case.

### A.   RESPA

Plaintiff alleges that BAC violated RESPA, 12 U.S.C. § 2605, by failing to respond in a proper and timely manner to his qualified written requests ("QWR") for information about his

mortgages. (*See* Compl. ¶¶ 47–48, July 30, 2012, ECF No. 1-1). Plaintiff, however, does not allege when he allegedly made any QWE or what information he requested. (*See id.*).

In response, Defendants attach an unauthenticated, undated email from Plaintiff to BOA, in which Plaintiff demands the name, address, and phone number of the entity that owned his mortgage, along with the original mortgage note. Although Plaintiff has not pled a QWR, the email Defendants provide shows that he made one.

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B)(i)–(ii). Defendants argue that the email contains no allegation of error. The email indicates that Plaintiff had learned of the "robosigning" phenomenon and demanded to know who owned his mortgage note. The Court finds this to be a legitimate request for information about Plaintiff's account. Because the email also included Plaintiff's name and account number, it is probably a QWR. Subsection (e)(1)(B)(ii) does not require a claim of error. it permits either claims of error or requests for "other information sought by the borrower." Identifying the account number and asking who then owned the promissory note, as Plaintiff did in the email, is enough to constitute a QWR.

Next, Defendants argue that Plaintiff has no RESPA claim because he alleges no actual damages or pattern of noncompliance with RESPA:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> > (1) Individuals
> >
> > > In the case of any action by an individual, an amount equal to the sum of--

        (A) any actual damages to the borrower as a result of the failure; and

        (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

*Id.* § 2605(f)(1)(A)–(B). It is true that Plaintiff alleges only one violation of the statute. Plaintiff must therefore rely upon actual damages. A plaintiff could in theory allege actual damages under RESPA resulting from a foreclosure where he defaulted only because he did not know where to make mortgage payments due to a lack of response to a QWR. However, in this case, the foreclosure has been adjudicated to have been proper. It was made clear to Plaintiff via the SNOD how to cure the default and to whom to make the payments, and in reality, there was almost certainly no doubt where to make the payments. And Plaintiff did not ask to whom to make payments. He asked who owed the promissory note. Plaintiff clearly knew who the loan servicer was, because he emailed the servicer to identify the holder of the promissory note. The Court therefore dismisses this claim.

    **B.    Breach of Contract**

Due to its adjudication in the '617 Case, this claim is precluded as against the only parties alleged to have had anything to do with the foreclosure process: BOA, BAC, and Recontrust. Fannie Mae and the Recorder are not alleged to have participated directly in the foreclosure.

    **C.    Unreasonable Collection Efforts and FDCPA**

There is no such cause of action under the common law. Putative statutory claims for debt collection violations, unfair and deceptive trade practices, and unfair lending practices are precluded as against BOA, BAC, and Recontrust due to their adjudication in the '617 Case. Fannie Mae and the Recorder are not alleged to have participated in collection efforts.

///

///

///

### D.  Intentional Misrepresentation

Fraud claims are precluded as against BOA, BAC, and Recontrust due to their adjudication in the '617 Case. Fannie Mae and the Recorder are not alleged to have defrauded Plaintiff.

### E.  FTC Safeguards Rule," 67 Fed. Reg. 36484

As Defendants note, there is no private cause of action to enforce the statute under which the cited regulation was promulgated, i.e., the Gramm–Leach Bliley Act, 15 U.S.C. § 6801 *et seq. Wood v. Greenberry Fin. Servs., Inc.*, 907 F. Supp. 2d 1165, 1186 (D. Haw. 2012) (citing *Cannon v. Zurich N. Am.*, No. CV-07-0927-PHX-FJM, 2007 WL 2875500, at *1 (D. Ariz. Oct. 3, 2007) (citing 15 U.S.C. § 6805(a); *Rowland v. Prudential Fin., Inc.*, No. CV-04-2287, 2007 WL 1893630, at *6 (D. Ariz. July 2, 2007))).

### F.  RICO

Plaintiff has not alleged two predicate acts to support a RICO claim under 18 U.S.C. § 1961. Plaintiff defines several kinds of crimes and alleges that BOA has committed these types of crimes but does not allege any particular instances of those crimes.

### G.  Abuse of Process

Due to its adjudication in the '617 Case, this claim is precluded as against the only parties alleged to have had anything to do with the foreclosure process: BOA, BAC, and Recontrust. Fannie Mae and the Recorder are not alleged to have participated directly in the foreclosure constituting the improper process.

### H.  Bad Faith Bargaining

There is no such cause of action.

### I.  False Pretenses

Insofar as this is meant to be a fraud claim, it is precluded. *See supra*. Insofar as it is meant to refer to the common law crime of false pretenses, it is not viable for three independent

reasons: Plaintiff may not privately prosecute crimes, this Court has no jurisdiction to adjudicate state law criminal charges, and common law crimes have been abolished in Nevada. *See* Nev. Rev. Stat. § 193.050(1).

### J. Filing a False Certificate (Robosigning)

This claim is founded upon an alleged impropriety in the foreclosure. Issues surrounding the propriety of the foreclosure are precluded.

### K. IIED

Because the foreclosure has been adjudicated to have been proper, it cannot have constituted extreme and outrageous conduct supporting this cause of action.

### L. The Recorder

The Recorder is the only remaining party and is only alleged to be liable for the allegedly improper non-judicial foreclosure by virtue of its having accepted for filing the relevant foreclosure documents. However, the Court adjudicated the foreclosure to have been proper in the '617 Case. The Court will therefore order Plaintiff to show cause why the claims should not be dismissed as against the Recorder.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 48) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE within fourteen (14) days of the entry of this Order into the electronic docket why the claims should not be dismissed as against the Recorder.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge