UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY HUGHES, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | 3:12-cv-00513-RCJ-VPC | |
| vs. ) | | |
| ) | | |
| BANK OF AMERICA CORP. et al., ) | **ORDER** | |
| ) | | |
| Defendants. ) | | |
| ) | | |

This is a residential foreclosure avoidance case involving one property. Several motions are pending before the Court.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Gregory Hughes gave lender Bank of America, N.A. ("BOA") a promissory note for $385,000 secured by a first deed of trust ("FDOT") against real property at 2995 Shady Creek Ct., Reno, NV 89523 (the "Property"). (*See* FDOT 1–3, Dec. 15, 2005, ECF No. 48-1). Plaintiff later gave BOA a second deed of trust ("SDOT") against the Property to secure a home equity line of credit with a credit limit of $49,375. (*See* SDOT 1–3, Aug. 24, 2007, ECF No. 48-2). PRLAP, Inc. was the trustee on both deeds of trust, and Mortgage Electronic Registration Systems, Inc. ("MERS") was party to neither of them. (*See* FDOT 2; SDOT 2). BOA substituted Recontrust Co., N.A. ("Recontrust") as trustee on the FDOT. (*See* Substitution, Jan, 27, 2010, ECF No. 48-3). The same day, First American Title Insurance Co. ("First American"),

purporting to be Recontrust's agent, filed the first notice of default ("FNOD") against the Property, but Recontrust later rescinded it. (*See* FNOD, Jan. 27, 2010, ECF No. 48-4; Rescission, Apr. 22, 2010, ECF No. 48-5). BOA then assigned the FNOD and any notes it secured to BAC Home Loans Servicing, LP ("BAC"). (*See* Assignment, Jan. 5, 2011, ECF No. 48-6). The same day, BAC, GP, purporting to be BAC's general partner, then substituted Recontrust as trustee on the FDOT. (*See* Substitution, Jan. 5, 2011, ECF No. 48-7).[1] The same day, First American, again purporting to be Recontrust's agent, then filed the second notice of default ("SNOD") against the Property. (*See* SNOD, Jan. 5, 2011, ECF No. 48-8). The State of Nevada Foreclosure Mediation Program issued its certificate permitting foreclosure to proceed, because the program did not apply to the Property. (*See* Certificate, June 20, 2011, ECF No. 48-9). Recontrust noticed a trustee's sale on the Property for August 3, 2011. (*See* Notice of Sale, July 11, 2011, ECF No. 48-10). The public records also indicate that the City of Reno filed at least three liens against the property for unpaid sewer service bills over the last three years, and that Recontrust sold the Property at a trustee's sale to the Federal national Mortgage Association ("Fannie Mae") for $371, 238.48 on February 27, 2012.

On June 9, 2011, Plaintiff, represented by counsel, sued BOA, BAC, Recontrust, PRLAP, First American, and Charlotte Olmos in state court based upon the foreclosure, and Defendants removed to this Court. (*See* Case No. 3:11-cv-617). Finding the foreclosure to have been proper, the Court granted Defendants' motion to dismiss and to expunge the lis pendens. Plaintiff did not appeal.

Plaintiff then sued Bank of America Corp. ("BOA Corp."), BOA, BAC, Recontrust, Fannie Mae, the Washoe County Recorder's Office (the "Recorder"), and Kathy Burke *in pro se*

---

[1] Because BOA had already substituted Recontrust as the trustee at a time when BOA was the beneficiary, the later "substitution" of Recontrust was superfluous, and the Court therefore need not examine whether BAC, GP in fact had the proper agency to substitute the trustee on behalf of BAC.

in state court on thirteen nominal causes of action[2]: (1) Real Estate Settlement Procedures Act ("RESPA") violations; (2) Breach of Contract (failure to comply with HUD regulations before foreclosure, as required by the deed of trust); (3) "Unreasonable Collection Efforts"; (4) Intentional Misrepresentation (accepting payments but not applying them to Plaintiff's account); (5) Fair Debt Collection Practices Act ("FDCPA") violations; (6) violations of the "FTC Safeguards Rule," 67 Fed. Reg. 36484; (7) Racketeer and Corrupt Organizations Act ("RICO") violations; (8) Abuse of Process; (9) Intentional Misrepresentation (falsely claiming ownership of the promissory note); (10) "Bad Faith Bargaining"; (11) False Pretenses; (12) "Filing a False Certificate (Robosigning)"; and (13) Intentional Infliction of Emotional Distress ("IIED"). Defendants removed. The Court denied a motion to remand and dismissed all claims except the first (RESPA), sixth (FTC Safeguards Rule), seventh (RICO), and thirteenth (IIED) as precluded as against BOA, BAC, and Recontrust. The Court also granted Defendant Kathryn Burke's motion to dismiss filed in state court when Plaintiff failed to respond thereto after having been given a *Klingele* notice. All parties but the Recorder moved to dismiss. The Court granted that motion and ordered Plaintiff to show cause within fourteen days why the claims should not be dismissed as against the Recorder, as well.

Plaintiff did not show cause within fourteen days and has not attempted to show cause for several months. Rather, Plaintiff filed a motion for permission to appeal, two motions to stay pending appeal, and a notice of appeal. The Court of Appeals dismissed the appeal for lack of jurisdiction. The Court denies the motion for permission to appeal, which it interprets as a motion under either Rule 54(b) or 28 U.S.C. § 1292(b). The Court will not certify for appeal under either of those provisions, because the Court finally adjudicates the remainder of the case via the present Order. The Court of Appeals will now have jurisdiction over the entire case

---

[2] The causes of action are listed as 1–7 and 9–14. (*See generally* Compl., July 30, 2012, ECF No. 1-1, at 5).

1  under § 1291. Nor will the Court grant sanctions against defendants for failure to make initial

2  disclosures under Rule 26(a). Plaintiff filed the motion for sanctions on January 6, 2014. The

3  Scheduling Order had issued one month earlier, and discovery was to be open for six months.

4  All Defendants except the Recorder were dismissed on January 10, 2014, and Defendants are not

5  expected to engage in discovery while a motion to dismiss is pending. Finally, the Recorder had

6  only been joined via the Amended Complaint filed four days before the sanctions motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Sanctions (ECF No. 62) is DENIED.

IT IS FURTHER ORDERED that the Motion for Permission to Appeal (ECF No. 67) and the Motions for Stay (ECF Nos. 68, 74) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Waive Fees for Appeal (ECF No. 69) is DENIED for lack of jurisdiction. Plaintiff must address motions on appeal to the Court of Appeals.

IT IS FURTHER ORDERED that the remaining parties are DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge